**NIAGARA METAL WEATHER STRIP CO. v. VALLEY VISTA APARTMENT HOUSE CO. et al.**

No. 5442.

Court of Appeals of the District of Columbia.

Argued April 8, 1932.

Decided May 16, 1932.

Arthur G. Lambert, Walter Casey, and George L. Hart, Jr., all of Washington, D. C., for appellant.

Milton D. Campbell, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from an order relating to the liability of the appellees as garnishees.

On May 29, 1928, appellant filed an action for money in the lower court against John E. Harris, and writs of garnishment were served upon the Valley Vista Apartment House Company, hereinafter called the company, and the North Capitol Savings Bank, hereinafter called the bank. Judgment was entered for appellant against Harris for $1,699.44. In answer to the garnishment the company stated that it was not indebted to Harris in any sum whatever, and

that it had no assets belonging to him in its possession. The bank in its answer stated that it was not indebted to Harris, but that it held a claim against him in the sum of $3,724 secured by second-trust notes of the face value of about $4,700.

The plaintiff joined issue upon these answers; a trial upon testimony was had; and the court found against the company in the sum of $331, but discharged the garnishment upon the bank. This appeal was then taken.

It is claimed by appellant that judgment should have been entered against the company in the sum of $1,651.43, and against the bank in the sum of $300.

■ The record discloses that on December 5, 1927, the company entered into a contract with Harris, whereby the latter agreed to furnish the weather stripping and screens for the company's apartment house at the price of $4,685, payable in installments as the work progressed. After the work was begun, Harris applied to Phillips, the president of the company, for a partial payment, but the company was unable at the time for want of funds to make such a payment. Phillips, however, then took Harris to the bank, and introduced him to Mr. Michael, who was president of the bank and treasurer of the company. Michael, at Phillips's request, arranged to have the bank lend the necessary funds to Harris with which to complete the contract, the money to be advanced upon Harris' notes as the work progressed. In order to induce the bank to extend these credits to Harris, the company gave the bank certain of its second-trust notes of the value of $4,700 as collateral security for Harris' notes.

At the time when the work was completed, the notes given by Harris to the bank amounted to $3,697. Harris had also received $657 in cash from the company, and there was yet due him from the company the sum of $331. The bank then caused the collateral second-trust notes to be sold, and bought them in at a price equal to the amount of the loans to Harris.

Upon these facts the lower court held that the loaning to Harris by the bank of the amounts recommended by the president of the company amounted as between Harris and the company to a payment pro tanto of what he had earned under his contract. The court therefore gave judgment to appellant against the company for $331, being the balance due to him as aforesaid, and otherwise denied appellant's prayers.

We agree with these conclusions. Under the circumstances the company, although not nominally a party to the loans made to Harris by the bank, was nevertheless not a stranger to the transaction. It had induced the bank to make the loans, and had furnished the collateral security for them, and when the collateral was sold for the payment of Harris' notes, the company became his creditor to that extent. 37 Cyc. 370.

■ It is true that the lower court found that it was not proven at the hearing that Harris knew of the deposit of collateral by the company, at the time when the deposit was made. Nevertheless it appears that afterwards Harris executed a renewal note to the bank for the total amount of his notes, containing a reference to the collateral, and a provision for its sale by the bank for the payment of the note. The date of this note is subsequent to the levy of the garnishment, but it amounts to a ratification which relates back to the deposit of the collateral with the bank. Neely v. Jones, 16 W. Va. 625, 37 Am. Rep. 794.

Therefore when the garnishment was served upon the company, its relations with Harris involved mutual accounts which, when settled, left the company in debt to him in the sum of $331, and no more. The judgment of the lower court for that sum was correct. 28 C. J. 133.

The record does not disclose that the bank was indebted to Harris in any sum, except for a minor balance which is not involved in this controversy.

The judgment of the lower court is affirmed with costs.

Affirmed.